IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT ADAM NEUMAN, | Case No. 2:14-cv-00828-SB |
| Petitioner, | **FINDINGS AND** |
| v. | **RECOMMENDATION** |
| MARK NOOTH, | |
| Respondent. | |

_____

**BECKERMAN, Magistrate Judge.**

Petitioner Robert Adam Neuman, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Petitioner contends that trial counsel provided constitutionally ineffective assistance during sentencing by failing effectively to challenge Petitioner's criminal history score and by depriving him of his right to allocution. For the reasons explained below, this Court recommends that the district judge deny the Amended Petition for Writ of Habeas Corpus.

////

////

1 - FINDINGS AND RECOMMENDATION

**FACTS AND PROCEDURAL HISTORY**

At approximately 11 p.m. on February 2, 2005, a woman returned to her apartment, opened the door with her key, and found Petitioner standing inside the door frame. Petitioner attacked the victim using a stun gun, knocking her down and holding the stun gun to her temple. The victim fought back and eventually calmed Petitioner down by talking to him and offering him food. After feeding Petitioner, the victim was able to lock Petitioner outside her apartment and call 911. Petitioner fled the scene, but was arrested two days later. On February 28, 2005, a Marion County grand jury indicted Petitioner on Burglary in the First Degree, Assault in the Second Degree, Robbery in the First Degree, and Unlawful Use of an Electrical Stun Gun charges. Resp't Ex. 102, ECF No. 22. Petitioner waived his right to a jury trial. After a bench trial, the court acquitted Petitioner of robbery, but found him guilty of the remaining charges. The court ordered a Presentence Investigation ("PSI") report prior to sentencing.

The PSI author uncovered Petitioner's prior military convictions for possession of child pornography in violation of 18 U.S.C. § 2252A, and theft of two laptop computers in violation of Uniform Code of Military Justice Article 120. Resp't Ex. 118 at 4. The PSI author concluded that under OR. ADMIN. R. 213-004-0011(4), Petitioner's military child pornography convictions were equivalent to three counts of Sexually Explicit Materials Regarding Children under OR. REV. STAT. § 163.688, and thus counted as three "person" felonies. This resulted in a criminal history score of "9A" under the Oregon Sentencing Guidelines Grid. *Id.* at 19. The PSI author also concluded that Petitioner is a "dangerous individual," and recommended a prison term of 200 months.

////

////

2 - FINDINGS AND RECOMMENDATION

At sentencing, Petitioner's counsel argued:

> I've had a chance to look at the judgments, they're out of a military court martial, I have Virginia – Your Honor, I'm not convinced that that's equivalent to statutes – I haven't seen any of the police reports. I know it's been difficult to get. I'm asking the court to sentence him as, I guess, it would be a G – 9G.

Resp't Ex. 125, Attach. C-7. The trial court found that Petitioner is "dangerous," classified Petitioner as a "9A" based on his criminal history score, and imposed a 180-month sentence as follows: an upward departure sentence of 110 months for the burglary conviction; a consecutive sentence of 70 months for the assault conviction; and merger of the unlawful use of a stun gun conviction for sentencing purposes. *Id.* at Attach. D-2.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed his convictions without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 106-08.

Petitioner subsequently sought post-conviction relief ("PCR"), arguing that trial counsel rendered ineffective assistance during sentencing by failing to: (1) adequately research and argue at sentencing that Petitioner's criminal history was a "9G" with a presumptive sentence of 40 to 78 months; and (2) insist that Petitioner exercise his right of allocution. Following a trial, the PCR court rejected Petitioner's claims. Resp't Ex. 124.

Appealing the PCR court's decision, Petitioner's counsel filed a *Balfour* brief.[1] In section B, Petitioner again asserted that trial counsel ineffectively challenged his criminal history score and failed to ensure his right of allocution at sentencing. Resp't Ex. 125. The Oregon Court of Appeals

---

[1] Pursuant to *State v. Balfour*, an attorney need not withdraw when faced with only frivolous issues for appeal. 814 P.2d 1069, 1080 (Or. 1991). Rather, the attorney files Section A of the appellate brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal," and the petitioner may file Section B of the brief containing any assignments of error. *Id.*

affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 128, 129, 132.

## DISCUSSION

In his Amended Petition, Petitioner alleges that trial counsel rendered ineffective assistance by failing to: (1) "prepare and effectively advocate against the state's position that [Petitioner] had three prior military convictions which counted against [Petitioner] in his criminal history calculation;" and (2) ensure "his right to allocution at sentencing." Am. Pet. 3, ECF No. 38. Respondent contends that habeas relief is not warranted because the claims were denied on the merits in a state proceeding entitled to deference. 28 U.S.C. § 2254(d)(1) & (2).

### I.   Legal Standards

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) & (2) (2015); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

Under § 2254(d)(1), a state court decision is an unreasonable application of clearly established federal law when that decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407-08, 412 (2000). For a district court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but objectively unreasonable. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). Under

§ 2254(d)(2), habeas relief is available only if the state court decision was based on an unreasonable determination of the evidence presented in the state court proceeding. *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). A federal court sitting in habeas may not "second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Id.*; *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

"Under § 2254(d), a habeas court must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington*, 562 U.S. at 102. "'As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014) (quoting *Harrington*, 562 U.S. at 103). Petitioner bears the burden of proof. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A claim of ineffective assistance of counsel requires the petitioner to prove that counsel performed deficiently and that the petitioner suffered prejudice. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390–91; *Strickland v. Washington*, 466 U.S. 668, 687–88 (1987). If there is a failure of proof on either prong, habeas relief is not warranted. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014). When reviewing a state prisoner's habeas claim of ineffective assistance, federal courts must apply a doubly deferential standard of review taking into account the strong

presumption of competence under *Strickland*, and the deferential standard of review under 28 U.S.C. § 2254(d). *Pinholster*, 563 U.S. at 190.

To show counsel performed deficiently, a petitioner must establish that his counsel's representation fell outside the wide range of professionally competent assistance. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Strickland*, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 563 U.S. at 189. In order to establish prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Lafler*, 132 S.Ct. at 1384; *Harrington*, 562 U.S. at 112. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 694. To establish prejudice during sentencing in a noncapital case, a petitioner must show that he would have received a lesser sentence absent counsel's errors. *Glover v. United States*, 531 U.S. 198, 203-04 (2001) ("[A]ny amount of actual jail time has Sixth Amendment significance.").

> **A.  The PCR Court's Rejection of Petitioner's Ineffective Assistance Claim Based on Counsel's Failure To Adequately Challenge Petitioner's Criminal History Score Is Entitled to Deference.**

Petitioner contends that the PCR court's rejection of his ineffective assistance claim was both an unreasonable application of *Strickland* and an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)&(2). Petitioner argues that his prior military convictions under 18 U.S.C. § 2252A would not necessarily constitute a crime under Oregon law. According to Petitioner, the federal statute prohibits mere possession of child pornography, while the Oregon statute requires possession of child pornography with the intent to print or display it. Pet'r Br. in Supp. of Am. Pet. at 12, ECF

No. 39. Petitioner contends that his trial counsel rendered deficient performance by failing to make a stronger argument challenging Petitioner's criminal history score at sentencing.

It is undisputed that military convictions may be considered to determine a defendant's criminal history score if the elements of the military offense would constitute a crime under Oregon law. OR. ADMIN. R. 213-004-0011(4) ("Any adult conviction arising from a federal or military tribunal shall be classified as a person felony or person Class A misdemeanor if the elements of the offense would have constituted an offense under Oregon law[.]"). During the PCR trial, Petitioner argued that the elements of 18 U.S.C. § 2252A were not equivalent to OR. REV. STAT. § 163.688, and that "his military convictions did not constitute possession of sexually explicit materials under Oregon law because they were on the hard drive of his computer." Resp't Ex. 113 at 3. The state argued that at the time of sentencing, the prosecutor reviewed Petitioner's military conviction records and concluded that Petitioner's military convictions constituted three violations of OR. REV. STAT. § 163.688. Resp't Ex. 121 at 7-8 & n.7. The state acknowledged during the PCR proceeding that Petitioner's military convictions were not equivalent to OR. REV. STAT. § 163.688 (possession of material depicting sexually explicit conduct of a child in the first degree) as noted in the PSI, but instead were equivalent to OR. REV. STAT. § 163.684 (encouraging child sexual abuse in the first degree). The state contended the error was immaterial because both § 163.688 and §163.684 are person felonies and count toward Petitioner's criminal history. Resp't Ex. 121 at 8 n.7. The state also contended that Petitioner's convictions for possession of child pornography under 18 U.S.C. § 2252(a)(5)(B) constituted knowingly duplicating child pornography under OR. REV. STAT. § 163.684(1)(a)(A)(7), as interpreted in Oregon case law. *Id.* at 8-9.

7 - FINDINGS AND RECOMMENDATION

Additionally, the state acknowledged that Petitioner had only two child pornography convictions instead of three, correctly placing Petitioner's criminal history classification as a "9B." *Id.* at 10. The state maintained that Petitioner could not demonstrate prejudice because the upward departure sentence of 110 months for burglary Petitioner received was less than the maximum departure sentences for either 9A or 9B.[2] *Id.* At the PCR trial, the PCR court heard argument from the parties, and heard testimony from Petitioner.

The PCR court determined that 18 U.S.C. § 2252A is sufficiently similar to OR. REV. STAT. § 163.684 to constitute an offense under Oregon law, and that Petitioner's prior military convictions therefore could be used to compute his criminal history score. Resp't Ex. 124. In so concluding, the PCR court necessarily analyzed Oregon cases interpreting Oregon law. This Court is bound by the state court's comparability determination. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (*per curiam*) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007) (*en banc*) (following *Bradshaw* and explaining that a "federal court [on habeas review] may not overturn a conviction [even if] the state court misinterprets state law").

The Ninth Circuit's reasoning in *Moody v. Frakes*, 407 Fed. App'x 194 (9th Cir. 2010), is instructive. In that case, James Moody argued that trial counsel rendered ineffective assistance during sentencing because counsel failed to challenge the comparability of his out-of-state convictions to second degree assault, a strike offense under Washington's Persistent Offender Accountability Act,

---

[2] Petitioner does not argue that he was prejudiced by his incorrect classification as a 9A instead of a 9B. In addition, Petitioner's consecutive 70-month Measure 11 sentence for second degree assault is not at issue in this proceeding.

8 - FINDINGS AND RECOMMENDATION

WASH. REV. CODE Chapter 9.94A. Under the Washington statute, Moody's most recent conviction counted as a third strike, resulting in a life sentence without the possibility of parole. *Id.* at 194. Moody's counsel failed to argue at the trial level that Moody's prior convictions were not strike offenses, and appellate counsel made only a cursory comparability argument. *Id.* As the Ninth Circuit noted, the Washington Court of Appeals *sua sponte* engaged in a detailed comparability analysis, holding that Moody's prior California conviction for assault with a deadly weapon and his Utah conviction for aggravated assault with a dangerous weapon "were legally and factually comparable to the strike offense of assault in the second degree under WASH. REV. CODE § 9A.36.021(1)(c)." *Id.*

Moody argued in his subsequent habeas proceeding that the Washington Court of Appeals' comparability analysis was flawed, and its decision unreasonable. The Ninth Circuit observed that habeas corpus relief "does not lie for errors of state law" and that "the Washington Court of Appeals' determination of comparability is a binding interpretation of state law." *Id.* (citing *Bradshaw*, 546 U.S. at 76). Therefore, the Ninth Circuit concluded that Moody could not establish that he was prejudiced by counsel's failure to make a comparability argument, and that the state court's rejection of his ineffective assistance of counsel claim was not an unreasonable application of federal law. *Id.*

As in *Moody*, here the PCR court's determination that Petitioner's military convictions for possession of child pornography under 18 U.S.C. § 2252A are equivalent to violations of OR. REV. STAT. § 163.684, is a binding interpretation of state law. Hence, even if Petitioner is correct that the statutes are not equivalent, this Court is not at liberty to second-guess the PCR court's determination. In light of the state court's comparability determination, Petitioner cannot demonstrate that but for counsel's failure to make a more vigorous comparability argument, he would have received a shorter

9 - FINDINGS AND RECOMMENDATION

sentence. *See Strickland*, 466 U.S. at 694; *Leavitt v. Arave*, 646 F.3d 605, 613-15 (9th Cir. 2011) (rejecting ineffective assistance claims in sentencing context where prisoner did not establish that counsel could have made any argument or presented any fact that would have created a reasonable probability of more favorable sentence).

Accordingly, the state court's rejection of Petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of federal law. This Court is satisfied that the state court's rejection of Petitioner's claim is "not beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103; 28 U.S.C. § 2254(d)(1). Finally, Petitioner has not demonstrated that any factual determination made by the PCR court was unreasonable in light of the evidence presented. Thus, the district judge should deny Petitioner's request for habeas relief.

      **B.**      **The PCR Court's Rejection of Petitioner's Ineffective Assistance Claim Based on Petitioner's Right of Allocution Is Also Entitled to Deference.**

In his second ground for relief, Petitioner argues that trial counsel rendered ineffective assistance by failing to ensure that he exercised his right to allocution at sentencing. Petitioner contends that the PCR court's rejection of this claim was both an unreasonable application of *Strickland*, and an unreasonable determination of the facts in light of the evidence. According to Petitioner, if he had been permitted to speak, he would have informed the trial court that his two prior convictions were for possession of child pornography only and thus were not crimes under Oregon law. Petitioner maintains that had he been permitted to allocute, his military history would not have counted toward his criminal history score and he would have received a shorter sentence. Respondent counters that Petitioner's claim was rejected in a state court decision that is entitled to deference. Respondent is correct.

In the PCR proceeding, Petitioner alleged that trial counsel rendered ineffective assistance by failing to permit him to allocute at sentencing, a right guaranteed by the Oregon Constitution. Petitioner submitted an affidavit to the PCR court, attesting that trial counsel did not inquire whether Petitioner wanted to make a statement to the trial court at sentencing. Resp't Ex. 125, Attach. D-2. The prosecutor also submitted an affidavit to the PCR court, in which the prosecutor agrees with Petitioner that the sentencing transcript does not reflect an on-the-record discussion about whether Petitioner wanted to make a statement. Resp't Ex. 133 at 2, ECF No. 25 (submitted under seal). The prosecutor further attested that Petitioner's trial counsel informed her prior to sentencing that Petitioner was not planning to make a statement. *Id.* at 3.

At the PCR trial, Petitioner testified that "I would have informed the [state court sentencing] Judge . . . that I had two convictions instead of three" for child pornography possession, and "that the wording of the federal statute and the Oregon State statute [are] different." Resp't Ex. 123 at 7-8. Petitioner argued in his PCR briefing that he would have received a shorter sentence had he been permitted to allocute. In the PCR judgment, the PCR court found that there is "[n]o record that petitioner waived allocution." Resp't Ex. 124. However, the PCR court rejected Petitioner's ineffective assistance of counsel claim, concluding that Petitioner failed to establish prejudice because it "[w]ould have been sound strategy to waive" allocution based on what Petitioner wanted to tell the trial court. *Id.*

Whether or not counsel's failure to permit Petitioner to allocute at sentencing was deficient, the state court's determination that Petitioner was not prejudiced by that failure was not objectively unreasonable. *See Strickland*, 466 U.S. at 697 (holding that "a court deciding an ineffective assistance claim" need not "address both components of the inquiry"); *Murray*, 746 F.3d at 457

(same). To satisfy *Strickland's* prejudice prong, Petitioner must demonstrate "a reasonable probability" that, but for counsel's failure to permit petitioner to allocute, the result of the proceeding would have been different. *Premo v. Moore*, 562 U.S. 115, 122 (2011); *Cone*, 535 U.S. at 695. As noted above, Petitioner wanted to inform the court at sentencing of two pieces of information: (1) that he had only two convictions for child pornography possession, and (2) that he believed his military convictions were not offenses under Oregon law. As discussed above, the PCR court determined that petitioner only had two person felonies and should have been sentenced as a 9B, and that his military convictions were properly counted toward his criminal history score. In light of the PCR court's determination, Petitioner cannot demonstrate that the information he wished to convey would have had any impact on the length of his sentence. Accordingly, there is no probability that the result of the proceeding would have been different if Petitioner had been permitted to make a statement at sentencing. The Court concludes that the state court did not unreasonably apply *Strickland,* and therefore Petitioner is not entitled to habeas relief. *Strickland*, 466 U.S. at 694; 28 U.S.C. § 2254(d)(1).

Finally, Petitioner has also failed to establish that the PCR court's rejection of his claim relating to his right to allocution was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

## CONCLUSION

For the reasons set forth above, the district judge should DENY Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 38), with prejudice. Additionally, the district judge should DENY a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 22nd day of June, 2016.

*Stacie F. Beckerman*

_____
Stacie F. Beckerman
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION